UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Matthew Simpson,

    Plaintiff,

v.                                                                  Case No. 22-10827

Boydell Development Company,                   Sean F. Cox
                                                                         United States District Court Judge
    Defendant.
_____/

## ORDER DISMISSING ACTION
## FOR LACK OF SUBJECT MATTER JURISDICTION

Acting *pro se*, Plaintiff Matthew Simpson filed this action against Defendant Boydell Development Company on April 18, 2022.

Along with his complaint, Plaintiff submitted an Application to Proceed In District Court Without Prepaying Fees Or Costs. (ECF No. 2). On that application, Plaintiff states that he is employed by H&H Home Health Care but Plaintiff does not state what his gross wages or take-home pay is from that employment. Plaintiff also failed to provide the other required information on the form. Thus, the Court would normally deny that application or require Plaintiff to complete the remaining sections on the form.

The Court will not do that here, however, because this Court lacks subject-matter jurisdiction over Plaintiff's complaint.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the

1

contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994). And "federal courts have an independent obligation to investigate and police the boundaries of their own jurisdiction." *Douglas v. E.F. Baldwin & Assocs., Inc.*, 150 F.3d 604, 607 (6th Cir. 1998).

Here, Plaintiff states that he is filing suit in federal court based upon federal-question jurisdiction. The form complaint that Plaintiff used to file this action has a section where Plaintiff is asked to "[l]ist the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case." (ECF No. 1 at Page.ID4). In that section, Plaintiff identifies the "UCC" – an apparent reference to the Uniform Commercial Code.

But "[t]he U.C.C. does not grant federal subject matter jurisdiction. *See Motorola Inc. v. Perry*, 917 F.Supp. 43, 48 (D.D.C.1996) ("Uniform Commercial Code is not a federal law")." *Johnson v. Fedex/Kinko's Store No. 1726*, 2012 WL 997006 at *2 (S.D. Ohio 2012); *see also Gilbert v. Monaco Coach Corp.*, 352 F.Supp.2d 1323, 1329 (N.D. Ga. 2004) (The UCC is not federal law.); *Brown v. Countrywide Home Loans*, 2009 WL 10737217 at *1 (E.D. Mich. 2009) ("Alleged violations of the UCC raise questions of state, not federal law."). Thus, Plaintiff's complaint asserts a state-law claim – not a federal claim – and this Court lacks subject-matter jurisdiction over it.

Accordingly, the Court **ORDERS** that this action is **DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION.**

**IT IS SO ORDERED.**

                                  s/Sean F. Cox  
                                  Sean F. Cox  
                                  United States District Judge

Dated: May 11, 2022